1
2
3
4
5
6

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELECT PORTFOLIO SERVICING, | No. C 12-0334 SI |
| Plaintiffs, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| ABRAHAM VALENTINO; JOHN CHU; CORPORATE COUNSEL LAW GROUP LLP; NESZHAO CONSULTING COMPANY, LLC; KEVIN NESBITT | |
| Defendants. | |
| _____/ | |

This matter concerns a dispute between loan servicing company Select Portfolio Servicing, Inc. ("SPS") and the owners, and several other affiliated parties, of a residential property.  Defendants Neszhao Consulting Co. ("Neszhao") and Kevin Nesbitt ("Nesbitt"), prospective short sale purchasers of the property, have filed motions to dismiss pursuant to both Fed. R. Civ. P. 12(b)(6) and 12(b)(7) as well as a Rule 12(e) motion for a more definite statement in the alternative.  Defendants John Chu ("Chu") and Corporate Counsel Law Group LLP ("CCLG") have filed a separate motion to dismiss pursuant to Rule 12(b)(6) and a special motion to strike the Complaint pursuant to Cal. Civ. Code § 425.16.  Defendant Valentino has moved to join defendants Chu and CCLG's motion to dismiss.

A hearing was held on the matter on April 20, 2012.  As discussed at that hearing, the Court GRANTS defendants Neszhao and Nesbitt's motion to dismiss plaintiff's Complaint WITH LEAVE TO AMEND, because plaintiff has not pled the allegations of fraud with sufficient particularity as required by Fed. R. Civ. P 9(b).  Upon amendment, plaintiff should identify with particularity the

circumstances surrounding the two sets of purported short sale documents, which defendants engaged in what conduct, and how, considering the fact that the anticipated short sale was never consummated, SPS has been injured by defendants' alleged conduct. **Plaintiff's amended complaint must be filed no later than  April 30, 2012.**

Defendants Neszhao and Nesbitt's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join U.S. Bank as a necessary is DENIED, as the Court finds that U.S. Bank is not a necessary party pursuant to Fed. R. Civ. P. 19(a).

All other motions brought by defendants, including defendants Neszhao and Nesbitt's motion for a more definite statement and defendants Chu and CCLG's motion to dismiss and special motion to strike the Complaint, are DENIED as moot and without prejudice. Defendant Valentino's motion to join Chu and CCLG's motions is GRANTED.  If, after amendment, defendants Chu, CCLG, and Valentino believe the amended complaint to be subject to the same attacks currently leveled against the complaint, they may raise their arguments again in a subsequent motion to dismiss.

**IT IS SO ORDERED.**

Dated: April 20, 2012

_____
SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

2