1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16

SELECT PORTFOLIO SERVICING, et al.,

        Plaintiff,

  v.

ABRAHAM VALENTINO; JOHN CHU;
CORPORATE COUNSEL LAW GROUP LLP;
NESZHAO CONSULTING COMPANY, LLC;
KEVIN NESBITT

        Defendants.

No. C 12-0334 SI

**ORDER DENYING MOTION BY
DEFENDANTS CHU AND CORPORATE
COUNSEL LAW GROUP TO FILE
UNDER SEAL**

17
18
19
20
21

     On April 8, 2013, defendants John Chu and Corporate Counsel Law Group, LLC ("CCLG") filed an administrative motion to file certain documents under seal, in connection with their forthcoming motion for determination of good faith settlement. No opposition was filed, and the deadline for opposing the motion has passed. See Civil Local Rule 7-11(b). Having reviewed the motion and the supporting papers, for the reasons discussed below, defendants' motion is hereby DENIED.

22
23
24
25
26
27
28

**BACKGROUND**

     The complaint alleges that in 2006, defendant Valentino purchased a home in Tiburon, CA, using a $5.1 million loan secured by a Deed of Trust on the property. In January 2009, a Notice of Default on the property was recorded in the Office of the Recorder of Marin County, California, beginning non-judicial foreclosure proceedings. In May 2009, Valentino, through his lawyers – moving defendants here, Chu and CCLG – commenced a civil action in Marin County Superior Court against

1  various entities involved in the lending, loan servicing and foreclosing process, challenging the legality

2  of the foreclosure.[1]  In September 2011, that action was settled; part of the settlement agreement was

3  that foreclosure proceedings were halted to allow Valentino seven months to complete a short sale of

4  the property.  In October 2011 and November 2011,  moving defendants Chu and CCLG presented

5  terms of a proposed short sale of the property to the interested parties in the Marin County lawsuit,

6  including Select Portfolio Servicing, Inc. ("SPS," the plaintiff here), which was approved in December

7  2011.

8         The proposed short sale was never consummated, because plaintiff SPS was informed by the real

9  estate agent for the proposed short sale buyers that the sale was fraudulent, and that it involved two

10  different sets of closing documents.  The closing documents given to SPS for its review provided that

11  no proceeds from the sale would be directed to the attorneys – moving defendants Chu and CCLG –

12  or would be used to satisfy any junior liens on the property.  The second set of documents, which

13  reflected a higher purchase price than the documents presented to SPS, provided that some proceeds

14  would go to the attorneys as well as other junior lien holders.  Plaintiffs allege that defendants intended

15  the second set of documents to be recorded as the actual transaction.

16         Plaintiffs in this federal lawsuit allege fraud in the would-be short sale of the Tiburon home.

17  Defendant Abraham Valentino was the owner of the home during all times relevant to this action; co-

18  defendants John Chu and his law firm, CCLG, were Valentino's attorney in the California state court

19  action.  Co-defendants Neszhao and Nesbitt were the prospective buyers of the home at issue in this

20  dispute.

21         Defendants Chu and CCLG ("settling defendants") have reached a settlement with plaintiffs and

22  will soon move the Court for a determination of good faith settlement, thereby releasing them from any

23  future equitable indemnity or contribution claims by the non-settling defendants.  Girarde Decl. ¶¶ 2-3.

24  In the present motion, the settling defendants seek to file portions of their forthcoming motion for a

25  determination of good faith settlement under seal because it contains information governed by a

26  _____

27         [1]  *See Valentino v. Quality Loan Service Corp. et al.*, Marin Superior Court Case No. CIV
    092396.  Dkt.42, Chu Aff., Ex. A.  QLSP was the original trustee on the Deed of Trust.  Dkt. 42, Chu
28  Aff. ¶4.

1   settlement agreement, which provides that its terms are to remain confidential.  Girarde Decl. ¶ 2.  In

2   particular, settling defendants propose to file a memorandum of points and authorities in support of the

3   motion wherein they redact all mentions of the settlement terms.  Also, settling defendants propose to

4   seal Exhibit A to their forthcoming motion, which is the entirety of the settlement agreement.

5

6                                       **LEGAL STANDARD**

7        With the exception of a narrow range of documents that are "traditionally kept secret," courts

8   begin their sealing analysis with "a strong presumption in favor of access."  *Foltz v. State Farm Mut.*

9   *Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  When applying to file documents under seal in

10  connection with a dispositive motion, the submitting party bears the burden of "articulating compelling

11  reasons supported by specific factual findings that outweigh the general history of access and the public

12  policies favoring disclosure, such as the public interest in understanding the judicial process."

13  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations

14  and citations omitted).  However, when a party seeks to seal documents attached to a non-dispositive

15  motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient.

16  *Kamakana*, 447 F.3d at 1179-80; *see also* Fed. R. Civ. P. 26(c).  In addition, all requests to file under

17  seal must be "narrowly tailored," such that only sealable information is sought to be redacted from

18  public access.  Civil Local Rule 79-5(a).

19

20                                         **DISCUSSION**

21        To determine which standard applies to settling defendants' administrative motion to seal, the

22  Court must first determine whether the underlying motion for determination of good faith settlement

23  pursuant to California Code of Civil Procedure § 877.6 is a dispositive or non-dispositive motion.  The

24  Ninth Circuit has not provided guidance on distinguishing dispositive from non-dispositive motions, in

25  the sealing context.  *See In re Nat'l Sec. Agency Telecommunications Records Litig.,* 2007 WL 549854

26  (N.D. Cal. Feb. 20, 2007) (noting a "lack of explicit guidance on this issue").  Absent specific guidance

27  "the court looks to the underlying rationale for distinguishing between dispositive and non-dispositive

28  motions."  *Id.*  Even after doing so, however, district courts in this circuit differ on whether a motion

3

to approve a settlement agreement that releases parties from a case is a dispositive or non-dispositive motion for sealing purposes. *Compare In re Sepracor Inc. Fair Labor Standards Act Litig.*, 2009 WL 3253947, at *1 (D. Ariz. Oct. 8, 2009) (applying the *Kamakana* compelling reasons standard after finding that a motion to approve a Fair Labor Standards Act settlement agreement is dispositive), *and White v. Sabatino*, 2007 WL 2750604, at *2 (D. Haw. Sept.17, 2007) (applying the *Kamakana* compelling reasons standard after finding that a motion to set aside a settlement agreement is dispositive), *with Prosurance Grp., Inc. v. Liberty Mut. Grp., Inc.*,2011 WL 704456, at *1 (N.D. Cal. Feb. 18, 2011) ("Because a motion to determine good faith settlement is only tangentially related to the merits of the underlying cause of action, it constitutes a non-dispositive motion.").

The Court need not pause long on this disagreement because here settling defendants have failed to make a showing under either the compelling reasons standard for dispositive motions or the lower good cause standard for non-dispositive motions. To make the lower showing of good cause, the moving party must make a "particularized showing" that "specific harm or prejudice will result if the information is disclosed." *Kamakana*, 447 F.3d at 1179-80; *Apple, Inc. v. Samsung Elecs. Co. Ltd.*, 2012 WL 4120541, at *1 (N.D. Cal. Sept. 18, 2012). "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana*, 447 F.3d at 1184. Neither do "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Circ. 2002) (citations omitted).

Settling defendants' motion to file under seal is supported by a sole declaration, which only asserts that the material should be sealed because the parties agreed among themselves to make the settlement agreement confidential. This is insufficient. Not only have the settling defendants asserted no compelling reason to seal the information, they have not even made a showing that some specific harm or prejudice will result from its publication. The settling defendants' motion does not address whether the non-settling defendants will be able to view the "confidential" settlement information. That they agreed among themselves to keep the settlement details private, without more, is no reason to shield the information from other non-settling parties to the case or the public at large. At the very least, the non-settling co-defendants will need to view the settlement information in order to respond to the merits

1   of settling defendants' forthcoming motion.  Also, the public at large, and future litigants in particular,

2   have a strong interest in understanding how this Court applies California's good faith settlement law –

3   the application of which would be constrained if the Court cannot publicize its analysis of the

4   settlement.

5         Accordingly, the Court hereby DENIES defendants' administrative motion to file under seal.

6   This denial is without prejudice to defendants' refiling the motion, **no later than May 3. 2013**, in a

7   format which includes a "particularized showing" that "specific harm or prejudice will result if the

8   information is disclosed."  Such a filing would be considered by the Court before final decision.

9

10        **IT IS SO ORDERED.**

11

12  Dated: April 29, 2013                          _____

13                                                 SUSAN ILLSTON
                                                   United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28