IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELECT PORTFOLIO SERVICING, et al., | No. C 12-0334 SI |
| Plaintiff, | **ORDER DENYING RENEWED MOTION BY DEFENDANTS CHU AND CORPORATE COUNSEL LAW GROUP TO FILE UNDER SEAL** |
| v. | |
| ABRAHAM VALENTINO; JOHN CHU; CORPORATE COUNSEL LAW GROUP LLP; NESZHAO CONSULTING COMPANY, LLC; KEVIN NESBITT | |
| Defendants. | |

On April 29, 2013, the Court denied the motion by defendants John Chu and Corporate Counsel Law Group, LLC ("CCLG") to file certain documents under seal, in connection with their forthcoming motion for determination of good faith settlement. *See* Dkt. 72. Defendants have filed a renewed motion to file documents under seal, which is now before the Court.

In its prior Order, the Court explained that where the motion to seal is connected to a dispositive motion, the movant must show "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). Where the motion to seal is connected to a non-dispositive motion, the movant must show just cause, which requires a "particularized showing" that "specific harm or prejudice will result if the information is disclosed." *Id.* at 1179-80.

As did the original motion, defendants' renewed motion fails even the lower "good cause"

standard, assuming – without deciding – that the underlying motion is non-dispositive. In its previous order, the Court rejected defendants' argument that the material should be because the parties agreed among themselves to keep the settlement documentation confidential. Defendants now contend that it was plaintiff Select Portfolio Services, Inc., which wanted to keep the settlement agreement confidential, and that defendants only stipulated to including the confidentiality term in the agreement. Girade Decl. ¶ 5. Defendants argue that there are strong public policy reasons to promote the non-disclosure of settlement agreements. In particular, defendants contend that making the terms of settlement public would harm plaintiff's "ability to negotiate other settlements in unrelated actions, by exposing its legal strategy for evaluating the settlement value of claims." *Id*.

This generalized statement is insufficient; the same generic claim can be made about all settlements. Defendants have not provided particularized facts – as to these parties, this case, or this particular agreement – to show that any harm might result from disclosure. Instead, defendants have asserted, on information and belief, that plaintiffs' interests may be harmed.

Lacking a particularized showing, the Court hereby DENIES defendants' administrative motion to file under seal. Defendants may re-file the motion **no later than May 31, 2013.** If defendants continue to assert plaintiffs' interests, they should provide declarations and factual support from plaintiffs explaining why the material should be sealed.

**IT IS SO ORDERED.**

Dated: May 23, 2013

SUSAN ILLSTON
United States District Judge

2